IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ALVIN STANLEY, | : |
| Plaintiff, | : |
| V. | : |
| | : NO. 5:23-cv-00204-MTT-CHW |
| TIMOTHY C. WARD, *et al.*, | : |
| Defendant. | : |

**ORDER & RECOMMENDATION**

Plaintiff Alvin Stanley, a prisoner in Dooly State Prison in Unadilla, Georgia, has filed a handwritten document, which was docketed in this Court as a complaint under 42 U.S.C. § 1983. Compl., ECF No. 1. Plaintiff has also filed a number of motions. Mot., ECF Nos. 3-9. These filings are addressed in turn below.

I.   Complaint

As an initial matter, Plaintiff did not file his complaint on the required § 1983 form designed for use by prisoner litigants. *See* Compl., ECF No. 1. Plaintiff is therefore **ORDERED** to file a complaint on the proper form if he wants to proceed with this action. In the complaint, Plaintiff shall clearly identify those individuals he wishes to include as named defendants in this case. With regard to any defendant that Plaintiff includes in the recast complaint, Plaintiff must allege specific facts showing what that defendant did or did not do that Plaintiff believes violated his constitutional rights. If Plaintiff makes a claim that is not connected to any defendant, that claim will be dismissed. Similarly, if Plaintiff names a defendant but does not connect that defendant with a particular claim or

makes only general and conclusory allegations about that defendant's actions, the defendant will be dismissed.

Plaintiff should state his claims as simply as possible; he also need not use legal terminology or cite any specific statute or case law to state a claim. *See* Fed. R. Civ. P. 8. The recast complaint will take the place of and supersede Plaintiff's prior filings, such that the Court will not look back to the original complaint or any other documents previously filed by Plaintiff to determine whether he has stated a claim. Therefore, Plaintiff should take care to include all relevant factual allegations in his recast complaint.

Plaintiff is cautioned, however, that the opportunity to recast his complaint is not an invitation for him to include every imaginable claim that he may have against any state official. Plaintiff should be aware that he will only be permitted to join claims against multiple defendants in one action if those claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" and raise a "question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2). A claim arises out of the same transaction or occurrence only "if there is a logical relationship between the claims." *Construction Aggregates, Ltd. v. Forest Commodities Corp.*, 147 F.3d 1334, 1337 n.6 (11th Cir. 1998). If Plaintiff cannot demonstrate a "logical relationship" between his claims, the unrelated claims will be dismissed.

Plaintiff has other cases pending in this Court. To the extent that any of Plaintiff's claims may be duplicative of claims he already has pending, such claims may be subject to dismissal. Plaintiff shall not attach more than ten pages of factual allegations to his

complaint. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this order to file his recast complaint consistent with the instructions set forth herein.

II. Motion for Leave to Proceed *In Forma Pauperis*

Plaintiff has also filed a motion for leave to proceed *in forma pauperis*.[1] Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 2. As with Plaintiff's complaint, this motion is not on the proper form. Moreover, it does not include the required supporting documentation. *See id.* In this regard, a prisoner seeking to proceed *in forma pauperis* must submit (1) an affidavit in support of his claim of indigence, and (2) "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)-(2).

If he wants to proceed with this action, Plaintiff is **ORDERED** to file a proper and complete motion for leave to proceed *in forma pauperis*. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this order to file his motion to proceed *in forma pauperis*. Plaintiff indicates that he has had difficulty in getting prison officials to provide him with proper forms. A blank motion to proceed *in forma pauperis* and an account certification form will be included with this order, but Plaintiff will need to have a prison official complete the account certification form and provide him with a transaction sheet showing his account transactions for the six months preceding the filing of the complaint.

---

[1] To the extent that Plaintiff asks the Court to waive his fees due to an emergency situation, that request is **DENIED**. Plaintiff is required to pay the filing fee pursuant to 28 U.S.C. § 1915(b)(1).

3

If Plaintiff has difficulty obtaining a certified account statement, Plaintiff is ordered to show this order to the proper prison official when he attempts to get a copy of that document. If Plaintiff is still unable to get a copy of his certified account statement, Plaintiff must notify this Court in writing as to the steps he has taken to get a copy of his certified account statement, including the name or names of any officials he spoke to in this regard, the date or dates on which he made any requests, and the response that he received. If Plaintiff receives a written response to his request, he must provide this Court with a copy of such response.

### III. Motions to Appoint Counsel

Plaintiff has now filed two motions to appoint counsel. Mot. to Appoint Counsel, ECF Nos. 3 & 6. In the first motion, Plaintiff asserts that he is indigent and is in segregation. Mot. to Appoint Counsel 1, ECF No. 3. Plaintiff contends that he needs to be protected and that staffing shortages have put him in danger. *Id.* Plaintiff states that he has a release date of June 22, 2025. *Id.* He also has three pending cases in the Middle District of Georgia and one case in the Southern District. *Id.* Plaintiff asserts that he needs a lawyer to help him make it out of prison safely in light of the danger caused by staffing shortages. *Id.* Plaintiff also asserts that he has had difficulty with his mail that causes him to need counsel. *Id.*

In the second motion, Plaintiff alleges that he has had a case dismissed because of

4

"heavy law enforcement corruption."² Mot. to Appoint Counsel 1, ECF No. 6. In this regard, Plaintiff states that he recently received a docket sheet showing that the defendants were represented by counsel, which Plaintiff did not know they had. *Id.* Plaintiff asserts that prison staff members have been helping the defendants and that he has "great evidence" that they have been violating his First Amendment rights by not allowing him to participate in discovery, receive, or send mail. *Id.*

Plaintiff also contends that the defendants are violating his right to access the courts and are trying to kill him because of his lawsuits. *Id.* at 2-3. Although it is unclear how it is relevant to his motion, Plaintiff goes on to discuss his father's military career. *Id.* at 3. Next, Plaintiff reiterates his arguments that he is in danger because he is trying to expose corruption among prison officials. *Id.* at 4. Plaintiff also includes a declaration asserting that inmates perform work that should be done by officers and reiterating some of his other allegations. Attach. to Mot. to Appoint Counsel, ECF No. 6-4.

On consideration of these motions, the Court advises Plaintiff that "[a]ppointment of counsel in a civil case is not a constitutional right." *Wahl v McIver*, 773 F.2d 1169, 1174 (11th Cir. 1986). Instead, appointment of counsel is a privilege that is justified only by exceptional circumstances. *Id*. In deciding whether legal counsel should be provided,

---

²A review of the docket in the case that Plaintiff cites shows that it has not been dismissed. Although some of Plaintiff's claims in the case were dismissed at the preliminary review stage, his deliberate indifference to safety claims are proceeding against eight defendants. *See* R. & R., *Stanley v. Whitentin*, Case No. 5:22-cv-00239-TES-CHW (M.D. Ga. Dec. 29, 2022), ECF No. 28.

the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).[3]

In accordance with *Holt*, and upon a review of the record in this case, the Court finds that Plaintiff has set forth his factual assertions and that the applicable legal doctrines are readily apparent. As such, Plaintiff's motions for appointment of counsel (ECF Nos. 3 & 6) are **DENIED**. Should it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, **on its own motion**, will consider assisting him in securing legal counsel at that time. Consequently, there is no need for Plaintiff to file additional requests for counsel.

    IV.    <u>Motion for Temporary Restraining Order or Preliminary Injunction</u>

Finally, Plaintiff has filed a motion for a temporary restraining order or preliminary injunction. Mot. for Preliminary Inj., ECF No. 4. In this motion, Plaintiff asks for an order that he be sent to a halfway house or transitional center, that he be placed on protective custody at a facility with a protection program and plenty of staff, that he not be harmed by prison staff or inmates, and that he make it out of prison safely. *Id.*

A temporary restraining order ("TRO") or preliminary injunction is a drastic remedy used primarily to preserve the status quo rather than to grant most or all of the substantive

---

[3]The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The statute does not, however, provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989).

relief sought in the complaint.  *See, e.g., Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1982).[4]  Factors a movant must show to be entitled to a TRO include: "(1) a substantial likelihood of ultimate success on the merits; (2) the TRO is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the TRO would inflict on the non-movant; and (4) the TRO would serve the public interest." *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995) (per curiam).

It is not clear yet what claims Plaintiff will be pursuing in his recast complaint, and Plaintiff should be aware that preliminary injunctive relief will not be appropriate with regard to matters not addressed in the complaint.  *See Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997), *opinion amended on other grounds on reh'g*, 131 F.3d 950 (11th Cir. 1997).  At this stage, Plaintiff has not sufficiently shown a "substantial likelihood of success on the merits," as he has yet to identify any objective evidence to support his claims in this action.  Thus, it is still unclear if Plaintiff will be able to show that his rights have been violated in any way.  Plaintiff essentially seeks to have the Court provide him with substantive relief on his claims without the benefit of a full picture of the circumstances surrounding Plaintiff's situation.  The Court cannot determine based solely on Plaintiff's unsupported allegations that he has a substantial likelihood of success on the merits.

---

[4]The standard for obtaining a TRO is the same as the standard for obtaining a preliminary injunction.  *See Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001) (per curiam); *Windsor v. United States*, 379 F. App'x 912, 916-17 (11th Cir. 2010) (per curiam).

Plaintiff has, for the same reason, failed to allege facts showing that his threatened injury outweighs any harm to defendants or that an injunction would not be adverse to the public interest. To the extent that Plaintiff is seeking an order that he not be harmed, Plaintiff is essentially just asking for an order that prison officials follow the law, which is not an appropriate basis for a preliminary injunction. *See Burton v. City of Belle Glade*, 178 F.3d 1175, 1201 (11th Cir. 1999). And to the extent that Plaintiff is asking for a transfer or to be put in protective custody, prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). The relief requested by Plaintiff in this regard would essentially remove from prison officials the deference that they should be afforded in deciding the most appropriate placement for inmates in their custody. Plaintiff's motion, therefore, falls short of meeting the prerequisites for issuance of a temporary restraining order or preliminary injunction and it is **RECOMMENDED** that the motion (ECF No. 4) be **DENIED**.

V.   Objections

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this order and recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this order and recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written

objections.  Any objection is limited in length to **TWENTY (20) PAGES**.  See M.D. Ga. L.R. 7.4.  Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.  See 11th Cir. R. 3-1.

VII. <u>Conclusion</u>

Accordingly, if Plaintiff wishes to proceed with this action, he is **ORDERED** to submit a properly completed 42 U.S.C. § 1983 complaint form and file a proper and complete motion to proceed without prepayment of the filing fee.  Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this order to file his recast complaint and motion for leave to proceed *in forma pauperis*.  Plaintiff's failure to fully and timely comply with this order may result in the dismissal of this action.

As set forth above, Plaintiff's motions to appoint counsel (ECF Nos. 3 & 6) are **DENIED**, and it is **RECOMMENDED** that Plaintiff's motion for a preliminary injunction or temporary restraining order (ECF No. 4) be **DENIED**.  The Clerk is **DIRECTED** to forward Plaintiff a blank 42 U.S.C. § 1983 form and a motion to proceed *in forma pauperis,* with the appropriate account certification form, along with his service copy of this order (with the civil action number appearing on all).

There shall be no service of process in this case until further order of the Court.

**SO ORDERED and DIRECTED**, this 30th day of June, 2023.

                                              s/ Charles H. Weigle  
                                              Charles H. Weigle  
                                              United States Magistrate Judge